351 So.2d 1053 (1977)
George A. DEMCHAK, Appellant,
v.
STATE of Florida, Appellee.
No. 76-943.
District Court of Appeal of Florida, Fourth District.
April 7, 1977.
*1054 Richard L. Jorandby, Public Defender, and Henry Prettyman, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony C. Musto, Asst. Atty. Gen., West Palm Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from an Order revoking Appellant's probation.
Appellant pleaded guilty to possession of LSD and was placed on probation on April 28, 1975. The standard conditions of probation were imposed. In September, 1975, Appellant was indicted by a federal grand jury. He was charged with conspiracy and possession and distribution of various controlled substances. The indictment alleged that the overt acts in furtherance of the conspiracy occurred "on or about March 13, 1975, and continuing up to and including May 5, 1975 ..."
Appellant was convicted by a federal jury on March 3, 1976, on one count of conspiracy to distribute phencyclidine. Shortly thereafter, an affidavit of violation of probation was filed against him. Appellant was charged with violating that condition of his probation which required him to live and remain at liberty without violating any law "in that, in the United States District Court for the Southern District of Florida, he was convicted of Conspiracy to Distribute Phencyclidine on March 3, 1976." The lower court found that Appellant violated this condition and revoked his probation.
A defendant's probation may be revoked solely on the basis of a conviction for a subsequent crime. Egantoff v. State, 208 So.2d 843 (Fla.2d DCA 1968). However, the illegal activity giving rise to the conviction must occur during the probationary period. O'Steen v. State, 261 So.2d 208 (Fla.1st DCA 1972). Improper conduct occurring prior to entry of the probation order cannot be the basis for revocation even though the conviction resulting from such conduct occurs while the defendant is on probation. Id.
The only evidence that Appellant acted improperly while on probation was the hearsay testimony of the prosecutor of the federal case. Probation revocation cannot be based solely on hearsay evidence. Robbins v. State, 318 So.2d 472 (Fla.4th DCA 1975); Sharp v. State, 303 So.2d 56 (Fla.4th DCA 1974).
While the federal grand jury indictment, which was properly admitted into evidence, charged Appellant with criminal activity during a time period which included the date he was placed on probation (April 28, 1975), some competent evidence that Appellant engaged in improper conduct after April 28, 1975 is required. We also note in the transcript that there was some confusion at the revocation hearing as to the dates of the overt acts alleged in the indictment. The lower court's copy of the indictment included a penciled in date of May 2, 1975. Appellant's copy of the indictment did not show this change.
We hold that there was insufficient evidence presented at the hearing to support the lower court's Order revoking Appellant's probation. This cause is reversed and remanded for a determination thru competent evidence whether or not the Defendant violated his probation after April 28, 1975 and before May 5, 1975.
REVERSED and REMANDED.
ALDERMAN and LETTS, JJ., concur.