350 So.2d 568 (1977)
Nadine THOMAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1079.
District Court of Appeal of Florida, Third District.
October 11, 1977.
*569 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and NATHAN, JJ.
PER CURIAM.
Appellant was charged by information with tampering with a witness. She pleaded not guilty but later withdrew the plea and entered a plea of guilty. The trial court adjudicated her guilty, withheld sentence, and ordered that appellant be placed on probation for a period of one (1) year.
Soon thereafter an affidavit of violation of probation was filed. Upon hearing on the alleged violations, the trial court revoked the probation and sentenced the appellant to five (5) years in prison.
Appellant argues in this appeal that the trial court erred in revoking the term of probation previously imposed upon appellant because the revocation was based solely upon a plea of guilty entered in municipal court to a charge of disorderly conduct; that the judgment of guilt was not introduced into evidence and the document introduced was insufficient to prove that a valid judgment of guilt was entered, and that the facts of the alleged offense, as adduced at the hearings, were insufficient to prove the appellant did in fact commit the alleged offense.
We have carefully considered appellant's contentions in the light of the record on appeal, briefs and argument of counsel and have concluded that appellant has failed to demonstrate reversible error. State ex rel. Roberts v. Cochran, 140 So.2d 597 (Fla. 1962); Bernhardt v. State, 288 So.2d 490 (Fla. 1974); Singletary v. State, 290 So.2d 116 (Fla.4th DCA 1974); and Ivey v. State, 308 So.2d 565 (Fla.2nd DCA 1975).
Affirmed.