PEARSON, TILLMAN, Associate Judge.
These appeals which have been consolidated by this court are from (1) an adjudication of guilty of murder in the second degree and possession of a firearm during the commission of a felony with a life sentence thereon, and (2) a revocation of prior probation based upon the adjudication of guilty of the two crimes above enumerated. The adjudication was pursuant to a jury verdict. We consider first the appeal from the adjudication of guilty of murder in the second degree. It may be noted here that the State has conceded error upon the adjudication of guilty of the crime of possession of a firearm during the commission of the murder.
The appellant, Johnny Tipton Straughter, was indicted for first degree murder and was tried thereon. The jury returned a verdict of guilty of second degree murder. The principal argument advanced for reversal and the one on which we reverse the judgment and sentence is that the State failed to prove the essential elements of the crime charged or of the lesser included offense of which the defendant was convicted.
The State’s theory of the prosecution was that the defendant participated in an attempted robbery which resulted in the killing of the victim. The evidence presented to the jury totally failed to prove a robbery or an attempted robbery. The evidence placed the defendant in the vicinity of the killing and nothing more. The only evidence by which the State hoped to establish the essential element of a felony in the felony-murder case was the testimony of a cellmate of the defendant that the defendant had discussed with the witness the charges against the defendant. The cellmate’s testimony was so ambiguous, so modified by “I guess,” and so unexplained as to the street language used that it was worthless for the purpose for which it was presented.
The proof of the underlying felony in a felony-murder prosecution must be proved beyond any reasonable doubt. Robles v. State, 188 So.2d 789 (Fla.1966). The best that can be said for the evidence when viewed in the light most favorable to the jury verdict is that the defendant was in the proximity of a killing and may have participated in some sort of an altercation in which the victim was killed. There certainly was not a completed robbery because the victim was in possession of a large amount of cash which was not taken. There may have been an attempted robbery but that is speculation. Criminal convictions must not be based upon speculation. Thompson v. State, 276 So.2d 218 (Fla. 4th DCA 1973); Whitehead v. State, 273 So.2d 146 (Fla. 2d DCA 1973).
The State made no effort to prove premeditation, nor does its brief suggest *220 any basis for the conviction other than the felony-murder theory discussed. Therefore, the proof was insufficient to convict the defendant of murder in the first degree, which was the crime charged.
A second way in which the defendant could be found guilty of murder in the second degree would be if the record established that the killing of the victim was . .by any act imminently dangerous to another and evincing a depraved mind . . . ” See Section 782.04(2), Florida Statutes (1977). However, nothing in the present record makes such a showing. Therefore, the proof was insufficient to convict the defendant of murder in the second degree, which was the crime for which the defendant was convicted.
We find other reversible errors in the record of this conviction, which need not be discussed in view of our holding above. As a further consequence of our reversal of the judgment and sentence of the conviction of murder in the second degree, we reverse the revocation of defendant’s probation, which was based solely upon the conviction. Here again we find in the record a reversible procedural error, which need not be discussed.
Reversed with directions to discharge the defendant.