388 So.2d 296 (1980)
Charles D. DEARING, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-2222.
District Court of Appeal of Florida, Third District.
September 16, 1980.
Rehearing Denied October 13, 1980.
*297 Bennett H. Brummer, Public Defender, Stanley M. Newmark, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Steven L. Bolotin, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The defendant below appeals from a conviction and sentence entered upon the revocation of a previously imposed term of probation. We affirm.
On July 13, 1976, after a jury had found him guilty of possession of an explosive without a permit, the trial judge placed Dearing on five years probation with a special condition that he serve six months in the county jail. He posted a supersedeas bond and was released pending his appeal, which resulted in an affirmance of his conviction on August 9, 1977. Dearing v. State, 348 So.2d 1233 (Fla. 3d DCA 1977). Subsequently, however, Dearing pled guilty to a marijuana conspiracy charge in the federal District Court for the Western District of Texas and began serving a sentence for that offense. The federal charge formed the only basis for the revocation of his probation in the lower court.
On this appeal, Dearing first contends that the evidence was insufficient to demonstrate that he had in fact violated a term of his probation. It is, of course, conceded that probation may be revoked *298 solely on the basis of a conviction for criminal conduct which occurred during the probationary term. E.g., Franklin v. State, 356 So.2d 1352 (Fla. 2d DCA 1978); Thomas v. State, 350 So.2d 568 (Fla. 3d DCA 1977). Dearing contends, however, that there was no such showing below. We disagree. The Texas federal indictment alleged a conspiracy continuing between 1975 and November 14, 1977. One of the overt acts in furtherance of the conspiracy of which Dearing was specifically accused was "[t]hat on or about June 2, 1977 [subsequent to his being placed on probation], ... Dearing attempted to fly a quantity of marijuana from the Republic of Mexico into the United States."[1] By pleading guilty to this charge, the defendant admitted and it was therefore conclusively established that he had committed a criminal act after his term of probation had begun. Robinson v. State, 373 So.2d 898 (Fla. 1979); Williams v. United States, 443 F.2d 1151 (5th Cir.1971). This case is therefore entirely distinguishable from Demchak v. State, 351 So.2d 1053 (Fla. 4th DCA 1977), upon which Dearing heavily relies. Compare also, O'Steen v. State, 261 So.2d 208 (Fla. 1st DCA 1972). In Demchak, the defendant had been found guilty only of a conspiracy which, like the one involved here, allegedly spanned a period both before and after he had been placed on probation. In decisive contrast to our situation, however, there was no further specific evidence that the defendant had engaged in any unlawful conduct after the term had commenced.
Dearing also claims that the trial judge improperly required him, over his self-incrimination objection, to testify at the revocation hearing that he was indeed the person who had pled guilty to the federal charges. On this point, he relies upon the statement in State v. Heath, 343 So.2d 13, 16 (Fla. 1977), cert. denied, 434 U.S. 893, 98 S.Ct. 269, 54 L.Ed.2d 179 (1977), that, while a probationer must respond to questions dealing with his proper supervision, "the Fifth Amendment privilege against self-incrimination must be applicable to specific conduct and circumstances concerning a separate criminal offense." Again, we reject this contention. The situation to which the supreme court obviously referred in Heath was the one in which, as in Heath and Douglas v. State, 376 So.2d 11 (Fla. 2d DCA 1979), the defendant is charged with violating his probation because of a criminal offense for which he is being or could be independently prosecuted. In such an instance, as the court properly held in Douglas, the probationer is entitled to the privilege which precludes his providing evidence as to that charge against himself. It is well-settled, however, that the privilege no longer exists as to alleged crimes for which the witness could not be subsequently prosecuted, as when he had, as in this case, previously pled guilty and been sentenced for the offense in question. Reina v. United States, 364 U.S. 507, 81 S.Ct. 260, 5 L.Ed.2d 249 (1960); In re Liddy, 506 F.2d 1293, 1300 (D.C. Cir.1974); United States v. Skolek, 474 F.2d 582 (10th Cir.1973). Moreover, the mere fact that one's truthful answers to a particular question would result in a revocation of his probation does not alone implicate the fifth amendment privilege. Heath v. State, supra; Holmes v. State, 311 So.2d 780 (Fla. 3d DCA 1975). Putting the two principles together, it follows that Dearing was correctly required to admit that he had pled guilty to, and thus that he had committed an offense which occurred during his probation. Holdren v. People, 168 Colo. 474, 452 P.2d 28 (1969) squarely so holds. In that case, the defendant had pled nolo to a charge of taking indecent liberties with a child, which took place while he was on probation. In the appeal from an order of revocation,
Holdren contends finally that he was denied the privilege against self-incrimination when, over the objection of counsel, *299 the court asked him if he had been drinking and if he had two boys with him. To both questions, Holdren replied `yes.' The privilege against self-incrimination would have been applicable had Holdren been charged with a new crime. Here the issue of guilt upon which the sentence issued had already been determined by his earlier plea. Holdren's testimony, moreover merely corroborates what the probation officer had already told the court. No authority has been cited for the rule which Holdren would have us adopt. We find no error. 452 P.2d at 30.
See also, Douglas v. State, supra, at 376 So.2d 13 ("The questions appellant refused to answer involved a separate criminal offense with which appellant, not having been convicted thereof and not having been granted immunity, could have been charged. He retained his right to refuse to answer such questions, and his probation could not be revoked for exercising this right." [e.s.]); Tempo Trucking and Transfer Corp. v. Dickson, 405 F. Supp. 506, 520 (E.D.N.Y. 1975) (no privilege in license revocation proceeding to decline to answer questions concerning prior offense to which defendant had pled guilty, although testimony could result in loss of license); cf. United States v. Hodge and Zweig, 548 F.2d 1347 (9th Cir.1977) (no such privilege as to compelled testimony in response to IRS summons).
This court has recently rejected Dearing's final contention that the trial court may not revoke a term of probation for a violation which occurred while the order was validly superseded. Loeb v. State, 387 So.2d 433 (Fla. 3d DCA 1980).
Affirmed.
NOTES
[1] There is no doubt that this conduct constituted a violation of the federal narcotics laws, 21 U.S.C. §§ 952(a), 963, even if it occurred entirely outside the boundaries of the United States. United States v. Brown, 549 F.2d 954 (4th Cir.1977), cert. denied, 430 U.S. 949, 97 S.Ct. 1590, 51 L.Ed.2d 798 (1977); United States v. Vicars, 467 F.2d 452 (5th Cir.1972), cert. denied, 410 U.S. 967, 93 S.Ct. 1451, 35 L.Ed.2d 702 (1973).