407 So.2d 623 (1981)
Jessie Claude DONALDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 81-108.
District Court of Appeal of Florida, Fifth District.
November 11, 1981.
Rehearing Denied December 29, 1981.
*624 James B. Gibson, Public Defender, and Julianne Piggotte McLarty, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Barbara Ann Butler, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant was charged with violation of his probation. At the hearing, he admitted that he had pleaded nolo contendere to a shoplifting charge. Other than the fact of the nolo plea, no other evidence was presented as to a probation violation.[1] The trial judge found that appellant had violated a condition of probation which stated: "you will live and remain at liberty without violating any law." Appellant appeals the judgment and sentence.
Appellant contends that he pleaded nolo contendere to the shoplifting charge on the advice of the public defender only because work release had been negotiated. He asserts that while he was not guilty, he did not wish to contest the charges.
Probation may be revoked on the basis of a guilty plea alone, see, e.g., Thomas v. State, 350 So.2d 568 (Fla. 3d DCA 1977), but probation may not be revoked merely on the basis of an arrest. See Purvis v. State, 397 So.2d 746 (Fla. 5th DCA 1981). Some courts refer to a rule that probation may be revoked solely on the basis of a conviction of a subsequent crime. Demchak v. State, 351 So.2d 1053 (Fla. 4th DCA 1977). Conviction for the crime is not necessary where the crime itself is in evidence. Holt v. State, 385 So.2d 1133 (Fla. 5th DCA 1980). However, if revocation is based solely on a conviction and the conviction is reversed, the revocation must likewise be reversed. See, e.g. Straughter v. State, 384 So.2d 218 (Fla. 3d DCA 1980).
A plea of nolo contendere does not admit guilt. It has been stated by one writer that:
The plea of nolo contendere admits the facts for the purpose of the pending prosecution and to that extent has the same effect as a plea of guilty, but unlike a plea of guilty it cannot be used against the defendant in a civil suit as an admission of the facts charged in the indictment when accompanied by a protestation of the defendant's innocence.
4 Wharton's Criminal Procedure § 1903, quoted in Vinson v. State, 345 So.2d 711, 715 (Fla. 1977). As Vinson states, "various reasons may exist why a defendant conscious of innocence may be willing to forego his right to make defense if he can be permitted to do so without acknowledging his guilt." 345 So.2d at 713.
*625 Florida Rule of Criminal Procedure 3.172(d) provides:
Before the trial judge accepts a guilty or nolo contendere plea, he must determine that the defendant either 1) acknowledges his guilt, or 2) acknowledges that he feels the plea to be in his best interest, while maintaining his innocence.

Here, appellant alleges that he maintained his innocence and pleaded nolo contendere pursuant to a plea bargain. If true, such a plea should not be an admission by the defendant that he had committed a crime constituting a violation of probation as would occur upon a guilty plea.
While Florida Rule of Criminal Procedure 3.172(a) requires the trial judge satisfy himself that a nolo contendere plea is extended voluntarily and that there is a factual basis for it prior to accepting the plea, there is no requirement that defendant acknowledge or admit guilt. Therefore, at the hearing to determine whether a defendant is guilty of a parole violation, an inquiry should be made into the circumstances of the court's acceptance of the nolo plea. If the plea of nolo contendere was accepted while defendant maintained innocence, an inquiry should be made to determine if the defendant did violate the conditions of his probation. However the court cannot base the probation violation on the nolo plea alone. In the case before us, there was no finding by the court that appellant did, in fact, violate the terms of his probation.
We therefore REVERSE and REMAND for further proceedings.
SHARP, J., concurs.
COBB, J., dissents with opinion.
COBB, Judge, dissenting.
The nolo contendere plea referred to in the majority opinion resulted in an adjudication of guilt by the trial judge in that case. That conviction was never reversed and cannot be collaterally attacked in the subsequent revocation hearing. A conviction is a sufficient basis for revocation of probation. State v. Spratling, 336 So.2d 361 (Fla. 1976); Dearing v. State, 388 So.2d 296 (Fla. 3d DCA 1980); Franklin v. State, 356 So.2d 1352 (Fla. 2d DCA 1978); Demchak v. State, 351 So.2d 1053 (Fla. 4th DCA 1977). Florida Rule of Criminal Procedure 3.172(a) provides:
Before accepting a plea of guilty or nolo contendere the trial judge shall satisfy himself that the plea is voluntarily entered and that there is a factual basis for it.
Contrary to the implication of the majority opinion, a factual basis of guilt was required for the trial judge to enter a judgment of conviction based upon the nolo plea. We have no right whatsoever to assume, absent any record to the contrary, that the trial judge in the earlier case failed to perform his procedural duty. I would affirm.
NOTES
[1] The state merely introduced the judgment. Appellant testified a woman in Zayres dropped her bag in the exit door; he picked it up, and attempted to return it to her. The store security guards stopped him. The bag contained unpaid for women's clothing.