SCHEB, Judge.
Appellant Hall challenges the trial court’s revocation of his probation. He contends the court erred in requiring him to testify, over his objection, as to his having been convicted and sentenced for certain crimes committed after he was placed on probation. Hall argues that the requirement that he testify violated his constitutional rights against self-incrimination.
We reject appellant’s contention. In Dearing v. State, 388 So.2d 296 (Fla. 3d DCA 1980), cert. denied, 399 So.2d 1141 (Fla. 1981), the court held that a probationer has no privilege against self-incrimination with respect to an offense he committed after being placed on probation, and for which he could not be subsequently prosecuted. We agree.
We reject appellant’s reliance on Meehan v. State, 397 So.2d 1214 (Fla. 2d DCA 1981), where we held that during the course of habitual offender proceedings the defendant could not be required to testify that he had been previously convicted of other crimes. There, we reasoned that the sentence enhancement proceedings were sufficiently related to the criminal trial as to require the application of the rule that the defendant cannot be forced to convict himself by his own testimony. However, there is no prohibition against requiring a probationer to testify in a revocation proceeding, subject to his privilege against self-incrimination with respect to specific conduct and circumstances concerning a separate criminal offense. State v. Heath, 343 So.2d 13 (Fla. 1977). In the instant case, the appellant cannot be subsequently prosecuted by virtue of having been forced to - testify as to his previous convictions. Therefore, Meehan has no application to this case, and we affirm the revocation of Hall’s probation.
Affirmed.
GRIMES, A.C.J., and CAMPBELL, J., concur.