425 So.2d 176 (1983)
Michael MASELLI, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1091.
District Court of Appeal of Florida, Second District.
January 14, 1983.
Jerry Hill, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant was charged with violating a condition of his probation which required him to live and remain at liberty without violating any law. At the hearing, the state introduced a certified copy of a judgment finding appellant guilty of uttering a forged instrument which was entered upon a plea of nolo contendere. The state then interrogated appellant concerning the crime, and he admitted that he had pled nolo contendere to the charge. He did not explain the details of his plea nor assert his innocence. The court revoked appellant's probation.
Appellant contends that a judgment of guilt entered upon a nolo contendere plea constitutes an insufficient basis upon which to revoke his probation. He refers to Donaldson v. State, 407 So.2d 623 (Fla. 5th DCA 1981), in which a majority of the panel held that a probation revocation cannot be predicated solely upon a conviction entered pursuant to a plea of nolo contendere where the defendant maintains his innocence of the crime.
At the outset, we note that the facts of Donaldson are distinguishable. In Donaldson, the defendant asserted that he had pled nolo contendere pursuant to a plea bargain and that he had always maintained his innocence of the crime. Here, appellant made no explanation concerning his plea and never asserted that he was not guilty. However, we prefer to meet the issue headon. With due respect, but without apology, we disagree with the majority opinion of our sister court in Donaldson. We prefer the reasoning of Judge Cobb in his dissent.
It is well settled that the conviction of a crime is a sufficient basis for a probation *177 revocation. Franklin v. State, 356 So.2d 1352 (Fla. 2d DCA 1978); Demchak v. State, 351 So.2d 1053 (Fla. 4th DCA 1977); Egantoff v. State, 208 So.2d 843 (Fla. 2d DCA 1968). The fact that the defendant may have pled nolo contendere does not detract from the legality of his conviction. Before a judge can accept a plea of nolo contendere, he must satisfy himself that the plea is voluntarily entered and that there is a factual basis for it. Fla.R.Crim.P. 3.172(a). There may be many reasons why a defendant chooses to enter a plea of nolo contendere, but if a judgment of guilt is entered upon the plea we must assume that the conviction is valid unless it has been set aside. We do not suggest that in trying to convince the court not to revoke his probation a defendant should be precluded from asserting his innocence of the charge to which he pled nolo contendere. We hold only that the conviction, standing alone, is sufficient to sustain the court's decision to revoke probation.
AFFIRMED.
SCHEB and LEHAN, JJ., concur.