ZEHMER, Judge.
David Leon Bradford appeals from a judgment revoking his probation and sentencing him to imprisonment on charges of uttering a forged instrument. We find that appellant was deprived of due process, and reverse.
In September 1981, appellant pleaded guilty to uttering a forged money order in the amount of $50[1] and was placed on two years probation. One of the standard conditions of probation required that:
You will live and remain at liberty without violating any law. A conviction in a court of law shall not be necessary in order for such a violation to constitute a violation of your probation.
In March 1982, appellant was charged with violating his probation as follows:
[T]he probationer has not properly conducted himself, but has violated the conditions of his probation in a material respect by:
I. By failing to live and remain at liberty without violating any law, in that on December 5, 1981, the probationer did unlawfully traffick [sic] in, or endeavor to traffick [sic] in certain property, to wit: a 1965 Ford Mustang, vehicle # 5F07T616229, the property of George Byrd as owner or custodian, which the probationer knew or should have known was stolen, as attested to by officer Jim Leath of the Pensacola Police Department in Pensacola Police Department Arrest Report # 88265.
In June 1982, appellant pleaded nolo con-tendere to a charge of grand theft, presumably arising out of the same circumstances alleged as the violation of probation, and was adjudicated guilty.[2] During a sentencing hearing in September 1982, at which appellant was sentenced to five years imprisonment on the grand theft charge, the state prosecutor suggested to the trial *964 judge that time could be saved if the court also considered appellant’s alleged violation of probation at the same time. The prosecutor specifically conditioned his suggestion on the assumption that the trial judge would impose a sentence for uttering a forged instrument that would run concurrently with the five-year sentence for grand theft. Appellant’s attorney stated that he would agree to the prosecutor’s suggestion only if appellant would receive a concurrent sentence. When the trial judge declined to promise a concurrent sentence, appellant’s counsel objected to having the probation revocation hearing at that time because appellant had not been allowed sufficient notice to prepare. The record indicates that both the state prosecutor and the appellant’s counsel had expected the probation revocation hearing to be held at a time subsequent to the sentencing hearing.
Despite the appellant’s objections, the trial court revoked his probation based upon the adjudication of guilt from the nolo con-tendere plea and sentenced him to three years in prison on the original charge of uttering a forged instrument, such sentence to run consecutively with the five-year sentence on grand theft.
Appellant contends, among other things, that he was denied due process of law because (1) he was not given proper notice of the revocation hearing; (2) he was not allowed to put on evidence of mitigating circumstances; and (3) he was deprived of the opportunity to confront and cross-examine witnesses against him. Appellant also contends that the trial court erred in basing the revocation solely on his nolo contendere plea without considering further evidence regarding that offense and the circumstances of the plea. He cites Donaldson v. State, 407 So.2d 623 (Fla. 5th DCA 1981), for the proposition that the court must allow appellant to explain the circumstances of his plea and, if the appellant maintains his innocence, must make a specific inquiry into whether appellant did, in fact, violate his probation.
The state, on the other hand, contends that any deprivation of appellant’s due process rights was harmless error because the adjudication of guilt on appellant’s nolo contendere plea is a per se violation of the probation requirements. The state’s brief does not otherwise address the serious due process points presented by appellant.
Although appellant is not entitled to the full panoply of due process rights in a probation revocation proceeding, he must be properly charged and given a hearing, after reasonable notice, where he is entitled to present evidence that the charged violation did not occur or that mitigating circumstances exist which suggest 'that the probation should not be revoked. Rule 3.790, Florida Rules of Criminal Procedure; Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Bernhardt v. State, 288 So.2d 490 (Fla.1974). Unless both parties consent, the revocation hearing should not be held at the same time as the trial or sentencing hearing on the charge constituting the alleged violation of probation. State v. Spratling, 336 So.2d 361 (Fla.1976).
In the present case, appellant was charged with violating probation by trafficking in stolen property, but revocation of his probation was based on the adjudication of his guilt on the grand theft charge. While this discrepancy would not necessarily require reversal, Norris v. State, 383 So.2d 691 (Fla. 4th DCA 1980), it is abundantly clear that appellant was otherwise denied significant due process rights when the trial court proceeded with the revocation hearing without prior notice and over appellant’s strong objections. The record shows that appellant was deprived of any opportunity for discovery regarding the probation officer’s report and recommendation that was explicitly relied upon by the court. Appellant was not permitted to cross-examine on such report, nor was he afforded any opportunity to prepare and present evidence in defense or mitigation of the revocation charge.[3]
*965 Both parties have argued the relative merit and applicability of the Fifth District Court’s decision in Donaldson v. State, 407 So.2d 623 (Fla. 5th DCA 1981), to the circumstances in this case. We decline to accept the broad interpretation of the Don aid-son opinion urged by appellant and prefer to strictly limit Donaldson to the facts presented in that case. We accept the reasoning of the Second District Court in Maselli v. State, 425 So.2d 176 (Fla. 2d DCA 1983), which holds that a conviction based upon a nolo contendere plea, standing alone, may be sufficient evidence to sustain a court’s decision to revoke probation.[4] As we read the Maselli opinion the Second District did not hold that a conviction based on a nolo contendere plea constitutes a conclusive determination that probation should be revoked as a matter of law; rather, it held that evidence of such conviction is legally sufficient to establish a violation of probation. Nevertheless, defendant must be given a fair opportunity to respond with evidence of mitigating circumstances suggesting that such conviction does not warrant revocation.
The judgment revoking probation and sentencing appellant on the charge of uttering a forged instrument is reversed. This case is remanded for further proceedings consistent with this opinion.
ROBERT P. SMITH, Jr. and WENT-WORTH, JJ., concur.

. Section 831.02, Florida Statutes (1981).

. Because the record on appeal fails to contain any documentation of the grand theft charge, we cannot be certain of the relationship between that charge and the allegations charging the violation of probation.

. The trial court did ask if appellant had anything to say before the court passed sentence *965 for uttering a forged instrument, but that inquiry did not provide sufficient opportunity to present mitigating circumstances.

. Maselli was decided in January 1983, after the state’s brief was filed in December 1982, and was not cited to us. However, Rule 9.210, Florida Rules of Appellate Procedure, provides for the filing of a notice of supplemental authority. We encourage all appellate counsel to monitor recent decisions of the Florida appellate courts and to submit applicable or controlling decisions under this rule. Doing so will allow us to more expeditiously dispose of appeals.