446 So.2d 1079 (1984)
Michael MASELLI, Petitioner,
v.
STATE of Florida, Respondent.
No. 63183.
Supreme Court of Florida.
March 8, 1984.
*1080 Jerry Hill, Public Defender and John T. Kilcrease, Jr., Asst. Public Defender, Tenth Judicial Circuit, Bartow, for petitioner.
Jim Smith, Atty. Gen. and Michael J. Kotler, Asst. Atty. Gen., Tampa, for respondent.
BOYD, Justice.
This case is before us on petition for review of the decision in Maselli v. State, 425 So.2d 176 (Fla. 2d DCA 1983). We granted review of the case on the ground of conflict of decisions. Art. V, § 3(b)(3), Fla. Const.
Petitioner was on probation when he was charged with uttering a forged instrument. He pleaded nolo contendere to the charge and was adjudged guilty. Subsequently, he was charged with violating the terms of his probation, which included the standard condition against any violation of law. On the basis of the conviction for uttering a forged instrument, the trial court revoked petitioner's probation.
On appeal petitioner argued that the judgment of guilt rendered pursuant to a plea of nolo contendere was not a legally sufficient ground for the revocation of probation. The district court of appeal rejected this argument and affirmed the order of revocation, reasoning as follows:
It is well settled that the conviction of a crime is a sufficient basis for a probation revocation. Franklin v. State, 356 So.2d 1352 (Fla. 2d DCA 1978); Demchak v. State, 351 So.2d 1053 (Fla. 4th DCA 1977); Egantoff v. State, 208 So.2d 843 (Fla. 2d DCA 1968). The fact that the defendant may have pled nolo contendere does not detract from the legality of his conviction. Before a judge can accept a plea of nolo contendere, he must satisfy himself that the plea is voluntarily entered and that there is a factual basis for it. Fla.R.Crim.P. 3.172(a). There may be many reasons why a defendant chooses to enter a plea of nolo contendere, but if a judgment of guilt is entered upon the plea we must assume that the conviction is valid unless it has been set aside. We do not suggest that in trying to convince the court not to revoke his probation a defendant should be precluded from asserting his innocence of the charge to which he pled nolo contendere. We hold only that the conviction, standing alone, is sufficient to sustain the court's decision to revoke probation.
425 So.2d at 176-77. We agree with the reasoning and the holding of the district court.
It should be pointed out that when a probationer is before the court accused of violating probation by committing an unlawful act, the judge may revoke probation upon finding that such unlawful act was committed by the probationer; it is not necessary that there be a conviction of the unlawful act. Russ v. State, 313 So.2d 758 (Fla.), cert. denied, 423 U.S. 924, 96 S.Ct. 267, 46 L.Ed.2d 250 (1975). When there has been a conviction, as the district court said, there is a clearly sufficient basis for the revocation. The judge may rely on the conviction even if it was imposed pursuant to a plea of nolo contendere. A plea of nolo contendere relieves the state of its burden of proving the factual allegations of the indictment or information. Bell v. State, 369 So.2d 932, 934 (Fla. 1979); Chesebrough v. State, 255 So.2d 675 (Fla. 1971), cert. denied, 406 U.S. 976, 92 S.Ct. 2427, 32 L.Ed.2d 676 (1972). The record of such a conviction speaks for itself. Of course, as the district court indicated, the probationer must be provided an opportunity to be *1081 heard on the question of whether he is guilty of the charge to which he pleaded no contest.
A conflicting decision is Donaldson v. State, 407 So.2d 623 (Fla. 5th DCA 1981). There the court held that at a revocation hearing, where the basis for the alleged violation is a conviction entered upon a nolo contendere plea, the court must make inquiry into the circumstances of the nolo contendere plea. If it is found that the accused tendered such plea while maintaining his innocence, there must be further inquiry into whether the probationer in fact committed the offense put forth as the basis for revocation. The court cannot, under Donaldson, ground a revocation order solely on a judgment of conviction entered pursuant to a nolo plea. We find that the Donaldson decision was an erroneous statement of the law and we disapprove it.
We hold that a conviction entered upon a plea of nolo contendere by a probationer is a sufficient lawful basis for revocation of probation. Such a conviction is a sufficient ground for revocation because the court, before rendering judgment of conviction on a plea of nolo contendere, must hold a hearing and be satisfied that the plea is voluntary and that a factual basis exists for accepting it.
The decision of the district court of appeal is approved.
It is so ordered.
ALDERMAN, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.