PER CURIAM.
We reverse the trial court’s order revoking appellant’s probation and imposing sentence. The revocation was based on appellant’s commission of four criminal acts, as reflected in four criminal cases, each with its own case number. For two of these charges, the state introduced certified copies of the judgment of conviction. On these documents, the defendant was identified as “Olga Elster.” There was no evidence introduced at the violation of probation hearing that appellant was the person convicted in these two eases.
The state might properly have called appellant as a witness and asked her if she was the same person involved in the two judgments of conviction. See Watson v. State, 388 So.2d 15, 16 (Fla. 4th DCA 1980); Hall v. State, 421 So.2d 188, 189 (Fla. 2d DCA 1982); Bearing v. State, 388 So.2d 296, 298 (Fla. 3d DCA 1980). However, there was no testimony at the hearing linking appellant to the two certified copies of the criminal convictions. There was no evidence introduced at the hearing concerning the two other criminal charges.
We reverse the order finding appellant guilty of violating her probation and remand the case to the circuit court where the order shall be vacated.
POLEN, GROSS and TAYLOR, JJ., concur.