881 So.2d 673 (2004)
Ronald GRIZZARD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3714.
District Court of Appeal of Florida, Fifth District.
August 27, 2004.
*674 James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca R. McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
The defendant appeals from an order revoking his probation and sentencing him to 30 years imprisonment. The defendant argues that the trial court erred in revoking probation absent sufficient proof that he willfully violated a condition of his probation.
The trial court considered the defendant's nolo contendere plea to the charge of driving while license suspended/knowingly as res judicata in the probation revocation proceeding. We conclude that the court committed legal error when it gave res judicata effect to the nolo plea and conviction entered pursuant thereto and accordingly, reverse.
The defendant pled guilty to conspiracy to traffic in cocaine, a first degree felony. *675 The court imposed a 30 year prison term which was suspended in lieu of a five year term of probation. In connection with imposition of the sentence, the defendant's driver's license was suspended but the sentencing order states: "The Court has no objection to a Business Purposes Only Permit."
The defendant obtained a driver's license with a "C" restriction which allowed him to drive to and from his place of employment. Thereafter, the defendant was stopped by a police officer in Hillsborough County. The defendant displayed his Florida driver's license. The officer ran the license on his computer and advised the defendant that his license had been suspended. The defendant informed the officer that while his license had been suspended until 2004, he had been issued a hardship license that says "business purpose only" and that he was driving to work. The officer ran the license again and advised that there was some confusion. The officer did not arrest the defendant, nor seize his license, but instead issued him a written citation requiring him to appear in Hillsborough County court.
The defendant appeared in Hillsborough County court and entered a plea of no contest to the charge of driving while license suspended with knowledge. § 322.342, Fla. Stat. (2003).[1]
At the revocation hearing, the State relied on the Hillsborough County court conviction for driving while license suspended/knowingly. The defendant claimed he possessed a valid business purposes license and was on his way to work when he was stopped. The trial court ruled that given the Hillsborough County driving while license suspended/knowingly conviction, a willful and substantial violation of probation had been established. The court announced "it would seem to me, it's res judicata at this point." The court added that if the defendant was able to get the Hillsborough County conviction set aside, the court would vacate the revocation. There was an indication at the revocation hearing that the defendant's nolo plea had been tendered without the benefit of counsel.
The State has the burden of proving by the greater weight of the evidence that the defendant committed a willful and substantial violation of a term of probation. State v. Carter, 835 So.2d 259 (Fla.2002); Woodson v. State, 864 So.2d 512 (Fla. 5th DCA 2004). The trial court has broad discretion to determine whether there has been a willful and substantial violation and whether the State has met its burden of proof. Woodson. In reviewing a trial court's order revoking probation, an abuse of discretion standard applies. Id. In Woodson, this Court explained:
"That is, the appellate court must determine whether or not the trial court acted in an arbitrary, fanciful or unreasonable manner in determining that [the] violation was both willful and substantial." Carter, 835 So.2d at 262 (citing Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980)). Application of this standard is premised on the generally accepted notion that the defendant's motive, intent, *676 and attitude are best identified by the trial court when determining whether the violation is both willful and substantial. Carter.

864 So.2d at 514.
The defendant argues that the State failed to prove that he knowingly drove without a valid license; that the Hillsborough County court was never asked to make such a determination. He adds that he possessed a license which on its face was valid.
Section 322.34(2), Florida Statutes (2003), provides:
Any person whose driver's license or driving privilege has been canceled, suspended, or revoked as provided by law ... who knowing of such cancellation, suspension, or revocation, drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:
(a) A first conviction is guilty of a misdemeanor....
A conviction entered upon a nolo contendere plea, standing alone, can constitute a sufficient basis upon which to revoke probation. Maselli v. State, 446 So.2d 1079 (Fla.1984). In Maselli, the supreme court, in approving the Second District's decision in Maselli v. State, 425 So.2d 176 (Fla. 2d DCA 1983), explained:
The judge may rely on the conviction even if it was imposed pursuant to a plea of nolo contendere. A plea of nolo contendere relieves the state of its burden of proving the factual allegations of the indictment or information. Bell v. State, 369 So.2d 932, 934 (Fla.1979); Chesebrough v. State, 255 So.2d 675 (Fla.1971); cert. denied, 406 U.S. 976, 92 S.Ct. 2427, 32 L.Ed.2d 676 (1972). The record of such a conviction speaks for itself. Of course, as the district court indicated, the probationer must be provided an opportunity to be heard on the question of whether he is guilty of the charge to which he pleaded no contest.
446 So.2d at 1080-81.
In the Second District's opinion, the court had explained that before a judge accepts a nolo plea, the judge must determine that the plea is voluntarily entered and that a factual basis for the plea exists. See Fla. R. Crim P. 3.172. There may be many reasons why a defendant elects to tender a nolo plea, the court suggested, but if a judgment of guilt is entered upon the plea we must assume that the conviction is valid unless it is set aside. 425 So.2d at 177.
In the instant case, the defendant, despite his nolo plea, professed his innocence of the driving while license suspended/knowingly charge. While the conviction obtained pursuant to the plea could support revocation, the concern in this case is that the trial court felt bound by the conviction and believed it could not go behind the nolo plea to consider whether the defendant was in fact guilty of the offense of driving while license suspended/knowingly. In other words, the court believed the Hillsborough County conviction was res judicata in the revocation proceeding. It was not, however, for as the supreme court in Maselli stated, a defendant who is convicted pursuant to a plea of nolo contendere may nevertheless contest his guilt in the probation revocation proceeding.
In Topps v. State, 865 So.2d 1253 (Fla.2004), the supreme court explained that "a ruling must be `on the merits' for an issue to have been truly `decided'" and thus, to invoke the principle of res judicata. 865 So.2d at 1256. A plea of nolo contendere does not admit the allegations of the charge in a technical sense, but rather says that the defendant does not choose to defend. Vinson v. State, 345 *677 So.2d 711 (Fla.1977). Indeed, a plea of nolo contendere, unlike a guilty plea, is not admissible in a civil proceeding. § 90.410, Fla. Stat. (2003). This is because a nolo plea represents the defendant's unwillingness to contest the charge against him and is not an admission of guilt. See Kelly v. Dep't of Health & Rehab. Serv., 610 So.2d 1375 (Fla. 2d DCA 1992).
In summary, a conviction obtained pursuant to a plea of nolo contendere can support a revocation of probation. However, in this case, the trial court erred in announcing that the defendant's nolo plea in the Hillsborough County driving while license suspended/knowingly prosecution was binding and conclusive on the issue of whether the defendant was in fact guilty of that charge. The defendant denied the charge at the revocation hearing and the court was not precluded from determining that the defendant was not, in fact, guilty of the offense. The cause is remanded for reconsideration upon application of the correct rule of law.
REVERSED and REMANDED.
THOMPSON and MONACO, JJ., concur.
NOTES
[1] The defendant also pled no contest to the charges of attached tag not assigned and failure to register motor vehicle, but of these charges, only the driving while license suspended conviction was alleged as a basis for revocation of the defendant's probation which was predicated on condition 5 of probation requiring the defendant to live and remain at liberty without violating any law. An amended affidavit was filed alleging that the defendant violated his probation by visiting places where drugs are unlawfully sold or dispensed and used cocaine. These two grounds were dismissed during the revocation hearing when the State offered no evidence relative to them.