VAN NORTWICK, J.
Autumn Smith appeals an order finding her in violation of probation, arguing that the trial court reversibly erred when it found that a violation of probation had been established based upon proof of the entry of a conviction entered upon a no contest plea contrary to Grizzard v. State, 881 So.2d 673 (Fla. 5th DCA 2004). We affirm.
In Grizzard, the Fifth District held that, although “[a] conviction entered upon a nolo contendere plea, standing alone, can constitute a sufficient basis upon which to revoke probation,” id. at 676 (citation omitted; emphasis added), the defendant “ ‘must be provided an opportunity to be heard on the question of whether he is guilty of the charge to which he pleaded no contest.’ ” Id. (quoting Maselli v. State, 446 So.2d 1079, 1080-81 (Fla.1984)). The Court noted that a plea of nolo contendere *756 does not admit the allegations of the charge, but simply indicates that the defendant does not elect to defend the charge, id., and that, “unlike a guilty plea, is not admissible in a civil proceeding.” Id. at 677.
Appellant argues that the trial court disregarded Grizzard and viewed the conviction based upon her nolo contendere plea as a per se basis to revoke probation. We cannot agree. The trial court, after hearing argument, did say that “[i]f this decision [i.e., Grizzard ] is the law of the land, we’re in deep trouble.” Given the context in which this statement was made, however, we cannot determine from the record whether the trial court was expressing disagreement with the holding in Grizzard or with counsel’s reading of Grizzard. Nevertheless, the record reflects that the appellant, through counsel, was permitted to argue that she did not commit the crime to which she pled nolo contendere and that her plea was one of convenience. Thus, even though the trial court found a violation of probation based upon this conviction, the trial court met the requirements of Grizzard. Accordingly, we affirm.
AFFIRMED.
WOLF, AND BROWNING, JJ., concur.