[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12948
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 22, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:10-cr-00082-GAP-DAB-1


UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ROBERT A. HOWARD, JR.,

Defendant–Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 22, 2012)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

After a jury found Robert Howard, Jr., guilty of one count of possessing and

one count of receiving child pornography, in violation of 18 U.S.C. §§ 2252(a)(2)(B) and (a)(5)(B), respectively, the district court sentenced him to 151 months' imprisonment. Howard appeals that sentence, arguing that it is substantively unreasonable. We disagree and therefore affirm the sentence.

I.

Based upon a tip from family members, Brevard County, Florida, police interviewed Howard's adopted daughters. One indicated that Howard had shown her sexually explicit photographs of children and had coaxed her to pose nude for photographs. A search of Howard's computer found images later determined to be child pornography. The state of Florida charged Howard with, among other things, sexual battery of a victim less than 12 years of age and sexual battery of a child by a person in familial or custodial authority. Howard maintained his innocence, but pleaded *nolo contendere* in February 2009 to sexual battery of a child by a person in familial or custodial authority and to one count of possession of child pornography. He was sentenced to four years' imprisonment. Subsequently, Howard was indicted for the federal charges that resulted in the sentence he challenges in this appeal.

After Howard was convicted, a presentence investigation report (PSI) was prepared, which recommended a sentencing guidelines range that began and ended

2

with the statutory maximum. The PSI also set forth in detail the conduct described in the investigative reports that resulted in Howard's conviction on the state charges. At the sentencing hearing, Howard presented to the court a guidelines range different from that set forth in the PSI based on an agreement that he had reached with the government. As part of that deal, Howard expressly agreed to the inclusion of a five-level increase for engagement in a pattern of activity involving the sexual abuse or exploitation of a minor. *See* U.S.S.G. § 2G2.2(b)(5). The court accepted that calculation, but overruled all of Howard's factual objections to the PSI and adopted it. Howard then argued that the facts that led to his state conviction were "relevant conduct" in this case and requested a further four-level decrease to account for his punishment on those charges. The court accepted Howard's contention and assigned him an offense level of 34, which supplied a guidelines range of 151-188 months.

The government presented the testimony of Howard's adopted daughter, who read from a prepared statement. She recounted how Howard had abused her, by, among other things, forcing her to watch child pornography with him and imitate what she saw while he took photographs. The government also offered, without objection, one of those photographs.

Howard argued for a further downward variance, asserting that he had

already served his time and was required to register as a sex offender. He also directed the court to a letter, which the court acknowledged having reviewed, submitted by his wife, which said that Howard was a good man who had contributed to society and that she needed Howard to care for her because she was disabled.

After argument from counsel, the court stated that it had considered the factors outlined under 18 U.S.C. § 3553(a). Noting that it had already granted two decreases from the PSI's recommended guidelines range, the court determined that, based upon "the facts, the statement of the victim, the argument of counsel," and the PSI, no further deviation downward was warranted. Howard, the court noted, was "not just a looker, but, from the facts presented, . . . has been a doer" because he abused his own adopted child. That aggravating factor, the court said, "overrides the balance of any mitigating factors and suggests that a guideline sentence in this case is appropriate." Thus, finding that the sentence was "consistent with the statutory objectives of § 3553(a)," the court sentenced Howard to 151 months' imprisonment followed by 15 years' supervised release.

## II.

We review a claim that a sentence is substantively unreasonable for abuse of discretion. *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (*en*

*banc*), *cert. denied* 131 S. Ct. 1813 (2011). Our review is based upon the factors outlined in 18 U.S.C. § 3553(a), *id.*, which include, among other considerations, "the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment of the offense, deter criminal conduct, [and] protect the public from the defendant's future criminal conduct," as well as "the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guidelines range, and the need to avoid unwarranted sentencing disparities." *United States v. White*, 663 F.3d 1207, 1217 (11th Cir. 2011). "[T]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009) (internal quotation marks omitted).

A sentence is substantively unreasonable only if the district court failed to consider relevant factors that were due significant weight, gave significant weight to an improper factor, or balanced the factors it properly considered unreasonably. *Irey*, 612 F.3d at 1189. "[T]here is a range of reasonable sentences from which the district court may choose . . . ." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "We ordinarily expect a sentence within the Guidelines range to be reasonable, and the burden of establishing that a sentence is unreasonable lies

5

with the party challenging it." *White*, 663 F.3d at 1217 (internal quotation marks and citations omitted). Only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" will we vacate a sentence as substantively unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (internal quotation marks omitted).

## III.

Howard contends that his sentence is longer than necessary because it was "driven by the singular fact that" he abused his adopted daughter. He argues that the abuse was neither charged nor proved in his federal case and that, because he pleaded no contest in state court, the allegations were never proved in any court and thus were not properly considered at sentencing. Because the court gave "overriding weight" to the evidence of abuse, he asserts, it ignored his arguments for mitigation.[1]

We conclude that the district court properly considered Howard's abuse of his adopted daughter. Under Florida law, a *nolo contendere* plea "is not an

---

[1] Howard also argues that the government should not have prosecuted him at all and would not have done so if his state sentence had been properly calculated. But he provides no explanation of how the government's exercise of its discretion to prosecute him could affect the reasonableness of his sentence, rather than the underlying conviction. And Howard has not challenged the jury's guilty verdict. This contention is, therefore, not properly before us. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n. 8 (11th Cir.2003).

admission of guilt." *Grizzard v. State*, 881 So. 2d 673, 677 (Fla. Dist. Ct. App. 2004). But, at sentencing, the district court had before it the PSI, Howard's agreement to accept a sentencing increase for a pattern of abuse of a minor, a photograph (to which Howard did not object) illustrating that abuse, and the testimony of Howard's adopted daughter about the abuse she endured. Although Howard did not admit guilt to the conduct by his plea to the state charges, the district court had more than enough evidence to permit it properly to consider the abuse as an aggravating factor militating in favor of a within-guidelines sentence. District courts are not constrained in the evidence of a defendant's "background, character, and conduct" that they may properly consider in fashioning a reasonable sentence. *United States v. Amedeo*, 487 F.3d 823, 832-33 (11th Cir. 2007) (quoting 18 U.S.C. § 3661). Further, as the government rightly points out, because the abuse was so wrapped into the crime for which Howard was convicted, the district court could also properly have considered it part of the offense conduct. *See* U.S.S.G. § 1B1.3(a). Howard argued as much when he sought the four-level decrease that he received.

Finally, there is no indication that the district court abused its broad discretion in determining that the gravity of Howard's abuse of a child in his care outweighed the mitigating evidence he offered. Howard's claim that the district

court failed to consider that mitigating evidence is belied by the record. The district court expressly stated that it had read the letter from Howard's wife, considered the arguments of his lawyer, and taken account of "everything that [had] been presented," in light of the § 3553(a) factors. As we have repeatedly held, we are not at liberty simply to reweigh those factors as if this court were the sentencing court. *United States v. Barrington*, 648 F.3d 1178, 1204 (11th Cir. 2011) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007)). And, of course, the district court had already reduced Howard's guidelines range according to the weight it reasonably determined was due to the arguments Howard offered at sentencing. "It [was] sufficient for the district court to explicitly acknowledge that it considered the parties' arguments at sentencing which were based on the sentencing factors, and that it considered the factors in § 3553(a)." *Id.*

The district court did not abuse its discretion and, therefore, Howard's sentence is not substantively unreasonable.

**AFFIRMED.**