McCORD, Judge.
This is an appeal from judgment and sentence and from the order revoking and setting aside probation on which judgment and sentence were predicated.
On January 10, 1974, a “Rule to Show Cause” was issued to appellant charging that he had allegedly violated condition “E” of his probation,
“. . . In that he was arrested on 1/4/74 at approximately 4:10 a. m. by Officer D. B. Sanders of the Jacksonville Sheriff’s Office charged with Murder in the First Degree. According to the Jacksonville Police Department offense report the subject shot the victim, Genover Carter, black female, age 28, with a small caliber firearm just to the rear and above the right ear. The victim was shot in the bedroom of her residence located at 1479 Logan St. on the above date and between 3:30-3:45 a. m. She was pronounced dead on arrival at University Hospital.”
The case was “passed” until January 14, 1974, and appellant was directed to appear in court on January 24, 1974, to show cause why probation should not be revoked. Apparently no further proceedings were had with relation to probation revocation as the record does not show any. No hearing on probation revocation was held.
On February 21, 1974, appellant was tried for the second degree murder of Gen- *307 over Carter and the jury returned a verdict of not guilty. Immediately after the verdict was rendered, the court announced the following:
“The court finds that you violated your probation on the third and fourth counts of assault and battery on Grace Harpe, and assault and battery on Lillie Bell Collins, and your probation is revoked, rescinded and set aside. Do you have any legal cause to show why sentence should not now be imposed upon you?”
The court’s reference above to the third and fourth counts was to the crimes for which appellant had previously been placed on probation. Appellant, in response to the court’s question, showed confusion and the court stated,
“Based upon the evidence that I have heard, I have found that you have violated your probation. I ask do you have any legal cause to show why sentence should not be imposed ?”
Appellant then asked the court could he give him a chance and the court stated,
“No, sir. If I didn’t have it on the case which was not beyond a reasonable doubt according to the jury, the fact that I had testimony that you were carrying a pistol and that is also a violation of your probation. Your probation is revoked and rescinded.”
Appellant demurred stating,
“Judge, I never had a pistol.”
And the court replied,
“Well, I believe you did, you see, and I heard the evidence on it . . .”
The court then sentenced appellant to two one year consecutive sentences in the county jail.
There is nothing in the record to indicate that appellant was ever given any notice that his jury trial would also constitute a probation revocation hearing nor are we familiar with any authority that a jury trial can serve such a double purpose. If convicted, the conviction can be charged as a probation violation and the conviction will then be the basis for probation revocation. Also, the commission of an offense which is charged as a violation of probation may be proved at a probation revocation hearing. Here, there has been a trial of appellant on a criminal charge of which he was acquitted but there has been no probation revocation hearing. For appellant to be afforded due process, he is entitled to a hearing on a specific charge or specific charges of probation violation which he has not had.
Reversed and remanded.
RAWLS, C. J., concurs.
JOHNSON, J., dissents.