336 So.2d 361 (1976)
STATE of Florida, Petitioner,
v.
James Lee SPRATLING, Respondent.
No. 47421.
Supreme Court of Florida.
July 28, 1976.
*362 Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for petitioner.
David J. Busch, Asst. Public Defender, for respondent.
ROBERTS, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, First District, in Spratling v. State, reported at 310 So.2d 306 (Fla.App. 1, 1975), which purportedly conflicts with Smith v. State, 292 So.2d 69 (Fla.App. 3, 1974).
On November 4, 1971, a four count information was filed against respondent charging him with breaking and entering with intent to commit a felony, kidnapping, and two counts of assault and battery. He plead guilty to two counts of assault and battery, adjudication of guilt was withheld, and he was placed on probation for five years.
On January 4, 1974, respondent was arrested and charged with murder in the first degree. The police reports stated that the victim had been shot with a small caliber shotgun. The trial judge on January 10, 1974, issued a Rule to Show Cause directed to respondent charging that he violated condition "(e)" of his probation, which provides:
"In all respects live honorably, work diligently at a lawful occupation, and support dependents, if any, to the best of defendant's ability, and live within what income is available."
The Show Cause Order charged that respondent violated condition (e) "... in that he was arrested on January 4, 1974, at approximately 4:10 a.m. by Officer D.B. Sanders of the Jacksonville Sheriff's Office charged with murder in the first degree. According to the Jacksonville Police Department offense report, the subject shot the victim, Genover Carter, black female, age 28, with a small caliber firearm just to the rear and above the right ear. The victim was shot in the bedroom of her residence located at 1479 Logan Street on the above date and between 3:30 and 3:45 a.m. She was pronounced dead on arrival at University Hospital."
Respondent was ordered to appear before the trial judge on January 24, 1974, to show cause why his probation should not be revoked. However, no hearing of probation was held at this time. Apparently defense counsel requested that the trial judge defer action on his Rule to Show Cause until after the murder case had been disposed of.
Respondent was tried for second degree murder on February 21, 1974, and the jury returned a verdict of not guilty.
At the conclusion of the jury trial immediately after the verdict of not guilty was returned, the trial judge announced:
"THE COURT: The Court finds that you violated your probation on the third and fourth counts of assault and battery *363 on Grace Harpe, and assault and battery on Lillie Belle Collins, [the crimes for which respondent was previously placed on probation] and your probation is revoked, rescinded and set aside. Do you have any legal cause to show why sentence should not now be imposed on you?"
The following colloquy then transpired:
"MR. SPRATLING: Pardon me?
"THE COURT: Yes, sir. You are on probation for beating up Grace Harpe and Lillie Belle Collins, consecutive probation; one for three years and one for two years and I just revoked it and I have asked if you have any legal cause to show why sentence should not be imposed or anything to offer in mitigation?
"MR. SPRATLING: I mean, you say five  I mean, what did I violate?
"THE COURT: Based upon the evidence that I have heard, I have found that you have violated your probation. I asked do you have any legal cause to show why sentence should not be imposed?
"MR. SPRATLING: Could you give me a chance?
"THE COURT: No, sir. If I didn't have it on the case which was not beyond a reasonable doubt according to the jury, the fact that I had testimony that you were carrying a pistol and that is also a violation of your probation. Your probation is revoked and rescinded.
"MR. SPRATLING: Judge, I never had a pistol.
"THE COURT: Well, I believe you did, you see, and I heard the evidence on it. So, you giving no legal cause why sentence should not be imposed, it is the judgment and sentence of this Court that you, James Lee Spratling, on the third count of the information, in Case No. 71-5935, be taken by the Sheriff of Duval County and by him confined to hard labor for the full term and period of one year.
"On the fourth count I will adjudicate you to be guilty of that. Do you have any cause to show why sentence should not be imposed?
"Giving no legal cause why 
"MR. SPRATLING: Yes, sir.
"THE COURT: Yes, sir?
(No response)
"THE COURT: Giving no legal cause why sentence should not be imposed, it is the judgment and sentence of this Court that you, James Lee Spratling, be taken by the Sheriff of Duval County and by him confined to hard labor for the full term and period of one year, said year to run consecutive to the first year."
Respondent appealed the revocation of his probation on the basis that he had not been accorded due process requisites. The District Court of Appeal, First District, agreed with respondent and opined:
"There is nothing in the record to indicate that appellant was ever given any notice that his jury trial would also constitute a probation revocation hearing nor are we familiar with any authority that a jury trial can serve such a double purpose. If convicted, the conviction can be charged as a probation violation and the conviction will then be the basis for probation revocation. Also, the commission of an offense which is charged as a violation of probation may be proved at a probation revocation hearing. Here, there has been a trial of appellant on a criminal charge of which he was acquitted but there has been no probation revocation hearing. For appellant to be afforded due process, he is entitled to a hearing on a specific charge or specific charges of probation violation which he has not had."
We agree with the District Court that under the peculiar circumstances of the proceedings sub judice, respondent's probation revocation did not accord with due process requirements. In Smith v. State, which is distinguishable from the instant cause, wherein at the conclusion of a non-jury trial, the court entered a finding of guilty and concluded that the finding constituted an automatic violation of probation, the District Court of Appeal, Third District, found that in light of the particular facts of that case, the criminal trial adequately fulfilled *364 the requirements of a probation revocation hearing, and explicated:
"The record in the case sub judice demonstrates that just prior to commencement of the trial, the court began taking testimony from appellant's probation supervisor. However, upon suggestion by appellant's counsel this hearing was continued, and the court began the trial on the subsequent felony charges. This was on July 2, 1973, less than two months after appellant's arrest.
"On the facts of the instant case, we express the view that appellant's criminal trial adequately fulfilled the requirements of a probation revocation hearing. In addition, a preliminary hearing on probation revocation should not be mandated in this case where appellant was not subject to an unwarranted deprivation of liberty, since he was incarcerated because of a subsequent felony arrest rather than a probation officer's affidavit."
The above-described Rule Nisi issued by the trial judge ordered respondent to show why his probation should not be revoked for violation of condition (e) but did not include the actual charge for which probation was eventually revoked  carrying a pistol in violation of condition (f). Furthermore, respondent was not given notice that his trial at which he was acquitted would constitute a probation revocation hearing. Since respondent never received notice of the claimed violation of probation which was to serve as the basis for the revocation of his probation, he has not been afforded due process.
In the absence of stipulation or consent, the trial of the criminal case should not be construed as a probation revocation hearing but can be treated as such upon stipulation or consent made before or after the trial.
Accordingly, we affirm the decision of the District Court of Appeal, First District, and discharge the writ without prejudice to the right of the trial judge to initiate revocation proceedings after appropriate notice to respondent is made and such proceedings to be held in accordance with this decision.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND and DREW (Retired), JJ., concur.