RYDER, Judge.
Appellant R. B. Reynolds was charged with robbery. At trial, the court announced that it intended to instruct the jury on robbery and petit larceny. Defense counsel requested instructions on assault with intent to commit robbery and attempted robbery. The court denied this request and gave the instructions as announced. Thereafter, the jury found appellant guilty as charged.
Two days after trial the court held a sentencing hearing. Having pronounced sentence on the robbery, the court revoked appellant’s term of probation for another offense on the basis of the jury’s verdict in the robbery trial.
On this appeal, appellant questions the validity of both the conviction and the order revoking probation.
Attempted robbery and assault with intent to commit robbery were both lesser included offenses of robbery. See Brown v. State, 206 So.2d 377 (Fla.1968). Since this was the case, the court should have instructed the jury on these crimes, and its failure to do so cannot be considered harmless. Lomax v. State, 345 So.2d 719 (Fla. 1977).
We must also reverse the revocation order. In State v. Spratling, 336 So.2d 361 (Fla.1976), the supreme court said, “In the absence of stipulation or consent, the trial of the criminal case should not be construed as a probation revocation hearing but can be treated as such upon stipulation or consent made before or after the trial.” Spra-tling, supra at 364. The record in the present case is devoid of a stipulation by appellant to the court substituting the criminal trial for a revocation hearing. Because of this, the trial court should have held a hearing on the issue of whether appellant’s probation was to be revoked. See Hooks v. State, 207 So.2d 459 (Fla. 2d DCA 1968).
We reverse appellant’s conviction on the charge of robbery and remand that case for a new trial. We also reverse the order revoking appellant’s probation and remand that case for proceedings consistent with this opinion.
HOBSON, Acting C. J., and DANAHY, J., concur.