356 So.2d 1352 (1978)
Jerry FRANKLIN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 76-1320.
District Court of Appeal of Florida, Second District.
April 5, 1978.
Jack O. Johnson, Public Defender, Bartow, Stephen O. Rushing, Asst. Public Defender, and William Murphy, Legal Intern, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
In this appeal from an order revoking probation we reject all of appellant's points, but we find the need to comment upon one of them.
While on probation the appellant was charged by information with aggravated assault and with carrying a concealed firearm. Several days later an affidavit seeking to revoke appellant's probation was filed, and appellant was arrested pursuant to the warrant issued thereon. The affidavit and the warrant alleged that the appellant had violated the condition of his probation that he live and remain at liberty without violating the law, in that he had committed the aggravated assault for which he had been charged in the information. Following a jury trial appellant was convicted on both counts of the information. At appellant's sentencing, the court also revoked appellant's probation on the basis of his conviction. Appellant's counsel was present at the revocation, and he raised no objection to the procedure which was followed. However, appellant now contends that, contrary to the dictates of State v. Spratling, 336 So.2d 361 (Fla. 1976) the court improperly *1353 used the trial of his criminal case as a vehicle for a probation revocation hearing.
In Spratling the defendant was charged with murder. Shortly thereafter a rule to show cause was issued charging that he had violated the condition of his probation that he live honorably when he committed the murder with which he was charged in the indictment. The defendant was tried for second degree murder and was found not guilty. Immediately after the verdict was announced, the court, over objection, revoked the defendant's probation based upon testimony given at the trial that he had been carrying a pistol. The supreme court affirmed the holding of the district court of appeal that, under the peculiar circumstances of that case, the defendant's probation revocation did not accord with due process requirements. The court said:
The above-described Rule Nisi issued by the trial judge ordered respondent to show why his probation should not be revoked for violation of condition (e) but did not include the actual charge for which probation was eventually revoked  carrying a pistol in violation of condition (f). Furthermore, respondent was not given notice that his trial at which he was acquitted would constitute a probation revocation hearing. Since respondent never received notice of the claimed violation of probation which was to serve as the basis for the revocation of his probation, he has not been afforded due process.
Spratling, supra, at 364.
We find that Spratling is distinguishable because there the defendant was found not guilty of the crime alleged to be the predicate for the violation of his probation. Even though the court could have revoked Spratling's probation based upon similar testimony given at a subsequent hearing, the court never notified the defendant that testimony given at the trial would constitute the basis for the revocation.
In the instant case, it is the appellant's conviction, rather than any testimony, which provided the basis for revocation. The opinion of the district court of appeal in Spratling pointed out that the conviction of an offense can be the basis of a probation revocation. Spratling v. State, 310 So.2d 306 (Fla. 1st DCA 1975). The revocation of probation following a guilty verdict on charges upon which the revocation was based was said to comport with due process in Fuller v. State, 294 So.2d 367 (Fla. 3d DCA 1974).
Our holding does not conflict with Reynolds v. State, 352 So.2d 1263 (Fla. 2d DCA 1977), because the record in that case does not indicate that any affidavit of probation violation was filed, or that Reynolds was given any kind of notice that his conviction in that case might form the basis for a probation revocation without a further hearing.
In the final analysis, we cannot see what purpose would be served in this case by a reversal of the probation revocation for a further proceeding at which time appellant's conviction could be introduced as the basis for revoking his probation. We find that the appellant was afforded due process by the procedure which was followed.
AFFIRMED.
BOARDMAN, C.J., and RYDER, J., concur.