THREADGILL, Acting Chief Judge.
The appellant, a juvenile, appeals an order revoking his community control and committing him to the Department of Juvenile Justice. He claims the revocation procedures followed by the trial court violated his right to due process. We agree and reverse.
On March 9,' 1999, the appellant was adjudicated delinquent of robbery and was placed on community control. On April 12, 1999, the State filed an affidavit, alleging the appellant had violated community control by committing the crime of trespass. On January 13, 2000, he admitted the violation in open court. He was committed to the Department of Juvenile Justice, but the trial court suspended the commitment and continued community control. Later that same day, the appellant was arrested on a charge of possession of marijuana.
The. appellant’s community control officer brought him before the trial court again on January 20, 2000. The trial court announced its intention to conduct a hearing on the violation of community control based on the possession of marijuana charge. Defense counsel objected because an affidavit of violation of community control had not yet been filed and she had just received notice of the hearing on the preceding afternoon through a courtesy call from the prosecutor. The trial court overruled the objection.
Following the hearing, the trial court found the appellant guilty of the violation, revoked community control, and committed him to the Department of Juvenile Justice. The trial court ruled that an affidavit of violation was unnecessary since the appellant was on a suspended commitment, and the effect of revocation would be to move him from community control to the commitment that had been imposed previously.
With regard to juveniles, any proceeding alleging a violation of probation shall be initiated by the filing of a sworn affidavit of the material facts supporting the allegations. Fla. R. Juv. P. 8.120(a)(2). Among the minimal requirements of due process in a revocation proceeding is written notice of the alleged violation. See Burton v. State, 651 So.2d 793 (Fla. 1st DCA 1995). The same due process requirements apply to a proceeding alleging a violation of community control.. Further, the fact that a suspended sentence had been imposed does not obviate the due process requirements. See Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In Gagnon, the United States Supreme Court held that a probationer under a suspended sentence was entitled to the minimum requirements of due process, which included written notice of the claimed violations, before his probation could be revoked. Here, because the appellant did not receive proper notice of the claimed violation that was to serve as the basis for the revocation of his community control, he was not afforded due process. See State v. Spratling, 336 So.2d 361 (Fla.1976). We therefore reverse and remand for further proceedings.
Reversed.
STRINGER and DAVIS, JJ., Concur.