SHAHOOD, J.
In this appeal appellant, B.S., a juvenile, argues that the trial court erred in lifting a stay of appellant’s suspended commitment without requiring the state to comply with due process requirements. We agree and reverse.
Appellant entered a plea of no contest to the charge of felony battery. At the delinquency disposition hearing, the trial court adjudicated appellant delinquent and committed him to a Level 6 commitment. The court stayed the commitment and “in lieu of,” placed appellant on juvenile probation. As conditions, appellant was ordered to successfully complete 100 hours of community service and attend school everyday.
Subsequent thereto, the state orally requested that the stay be lifted in order for appellant’s commitment to be reinstated. *1063 No motion or written allegations were filed by the state. The state argued that it had no burden of proof to change appellant’s “status” within the Department of Juvenile Justice (DJJ), and thus, appellant was not entitled to written allegations or an eviden-tiary hearing. The trial court agreed that the matter was not a violation of probation, and, therefore, no written allegations were required. As such, a hearing was held which did not comport with minimal due process requirements.
At the hearing, appellant’s probation officer testified that there were a number of conditions, including the community service hours that were required in order for appellant to maintain a stayed Level 6 commitment. He testified that he arranged for appellant to register with the City of Fort Lauderdale to perform his community service hours and that he received a report that appellant had not completed his hours. The probation officer further stated that appellant was required to attend school every day and that he had numerous unexcused absences, with a one-week absence when his grandmother died. Based on these grounds, the DJJ recommended that the stay be lifted and that appellant’s commitment to a Level 6 be reinstated. No other evidence was submitted.[1]
Defense counsel argued that a demand for discovery had been made which had not been responded to by the state and requested a continuance in order to properly prepare a defense for appellant. Further, defense counsel requested written allegations as to appellant’s violations. The state objected arguing that appellant had no right to either discovery or written allegations in order to lift a stay. The trial court denied defense counsel’s request on the grounds that this was not a violation of probation, but rather, a motion to lift a stay. Further, the court noted that it held an evidentiary hearing even though it was questionable as to whether one was even needed. The court granted the motion to lift the stay and committed appellant to a Level 6 commitment.
Appellant was entitled to the most basic of due process requirements prior to the court lifting the stay on his suspended commitment to a Level 6 commitment. This case is akin to M.T. v. State, 805 So.2d 898 (Fla. 2d DCA 2001). In that ease, following a violation of community control, the juvenile was committed to the DJJ. The trial court suspended the commitment and continued community control. Appellant then violated his community control and the court announced its intention to conduct a hearing on the violation. Defense counsel objected because an affidavit of violation of community control had not been filed and appellant had only been given notice of the hearing by way of a phone call from the state. The court overruled the objection, aqd following the hearing, found appellant guilty and revoked his community control. The trial court held that an affidavit of violation was unnecessary since appellant was on a suspended commitment, and the effect of the revocation would simply be to move him from the community control to the commitment that had been imposed previously. See id. at 899.
In reversing, the Second District held:
With regard to juveniles, any proceeding alleging a violation of probation shall be initiated by the filing of a sworn affidavit of the material facts supporting *1064 the allegations. Fla. R. Juv. P. 8.120(a)(2). Among the minimal requirements of due process in a revocation proceeding is written notice of the alleged violation. See Burton v. State, 651 So.2d 793 (Fla. 1st DCA 1995). The same due process requirements apply to a proceeding alleging a violation of community control. Further, the fact that a suspended sentence had been imposed does not obviate the due process requirements. See Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In Gagnon, the United States Supreme Court held that a probationer under a suspended sentence was entitled to the minimum requirements of due process, which included written notice of the claimed violations, before his probation could be revoked. Here, because the appellant did not receive proper notice of the claimed violation that was to serve as the basis for the revocation of his community control, he was not afforded due process. See State v. Spratling, 336 So.2d 361 (Fla.1976). We therefore reverse and remand for further proceedings.
Id. (emphasis added). See also K.J. v. State, 867 So.2d 1190 (Fla. 4th DCA 2004)(juvenile whose commitment was stayed in lieu of community service was afforded due process, including an affidavit of violation of probation and a hearing, prior to the stay being lifted).
Because of this due process violation, we reverse and remand for further proceedings and direct that appellant’s probation be reinstated pending the state properly proceeding against appellant.
REVERSED AND REMANDED.
KLEIN and STEVENSON, JJ., concur.

. The state offered only hearsay testimony as evidence of a violation. This was insufficient to find a violation. See E.C. v. State, 675 So.2d 192, 193 (Fla. 4th DCA 1996)(while hearsay testimony is admissible in suspended commitment revocation proceedings, proof of a violation of a condition of a juvenile’s suspended commitment must be supported by competent, non-hearsay evidence).