PER CURIAM.
The juvenile petitioner K.L.T. sought habeas corpus relief asserting that his commitment to a high-risk program took place after his probation expired; therefore, the trial court lacked jurisdiction to violate his probation and recommit him. We agreed and ordered the immediate release of Petitioner from custody in case no. 2010-30393-CJCI, with this opinion to follow.
Prior to the end of Petitioner’s probationary sentence, an affidavit of violation was filed and a warrant issued. Petitioner was not arrested on the violation until after his probationary period would have ended on March 3, 2011. The only issue presented in this case is whether an active juvenile probationary period is tolled upon the filing of an affidavit of violation. If tolling is applicable, Petitioner’s probationary period did not continue to run and the trial court maintained jurisdiction over the probation and its conditions. If tolling is not applicable to juvenile probation, the trial court had no jurisdiction to violate Petitioner and impose an additional commitment after probation expired.
As Petitioner contends, there is no provision in the juvenile rules or statutes for tolling probation, unlike in adult cases. See Fla. Stat. § 948.06(d)(2009). This, coupled with Florida Juvenile Statute Section 949.01 which states that “[n]othing in chapters 947-949 [adult probation and parole statutes] shall be construed to change or modify the law respecting parole and probation as administered by [a] circuit court exercising jurisdiction,” supports Petitioner’s argument that the trial court lacked jurisdiction to violate Petitioner’s juvenile probation and order further commitment of Petitioner in this case.
*103 Accordingly, the trial court had no jurisdiction to conduct a violation of probation hearing after Petitioner’s probationary term had expired, and habeas corpus is properly granted.
PETITION GRANTED.
MONACO, C.J, TORPY and COHEN, JJ., concur.