DAKAN, STEPHEN L., Associate Senior Judge.
T.L.H., a child, appeals the revocation of his probation and subsequent disposition. We have jurisdiction. See Fla. Rule App. P. 9.145(b). The State has filed a suggestion that this case is moot because T.L.H. has completed his probationary term. Assuming this is correct, the record and statements made during oral argument establish that the procedure followed in the trial court is subject to repetition. See N.W. v. State, 767 So.2d 446, 447 n. 2 (Fla.2000) (noting that where periods of supervision or community control may expire before a case may be reviewed, a case may present a controversy capable of repetition, yet evading review, which should be considered on the merits).[1] Because we conclude that T.L.H.’s period of probation had terminated prior to his adjudicatory hearing and that the statutory and rule requirements governing juvenile violation of probation proceedings had not been met, we reverse.
The trial court placed T.L.H. on probation with the Department of Juvenile Justice (DJJ) for a period of six months. This probation expired on January 20, 2011. On December 12, 2010, the child was arrested for an alleged grand theft. The arresting officer filed a complaint alleging this new delinquent act was a violation of T.L.H.’s probation.
The court placed T.L.H. in secure detention on December 13, 2010, but later changed his status to nonsecure detention. *398 He remained on detention status for the maximum time permitted by law. See § 985.26, Fla. Stat. (2010). Neither DJJ nor the State filed a petition alleging a violation of probation. See § 985.439.
The child appeared in court on February 18, 2011, in connection with the grand theft charge. The court discussed the claimed violation of probation. T.L.H.’s attorney moved to dismiss the violation of probation and argued that the child’s probation period had terminated, so the court could not consider the violation. The State argued that the filing of the complaint by the Pinellas County Sheriff's deputy tolled the probationary period, and the court could consider the violation. The trial court ruled in favor of the State. After the trial court’s ruling and after preserving the denial of the motion to dismiss for appellate review, T.L.H. entered an admission to the violation. The trial court revoked his probation and imposed a new, six-month probationary term.
We agree with the decision of the Fifth District that there is no provision in either the statutes or the rules governing juvenile delinquency proceedings that allows for tolling of probation upon the filing of an affidavit and the issuance of a warrant. See K.L.T. v. State, 65 So.3d 102 (Fla. 5th DCA 2011).
In K.L.T., an affidavit alleging a violation of probation was filed and a warrant issued. The child was not arrested on the warrant until after the probation had terminated. Id. The Fifth District held that, unlike the statutory provisions governing adult probation, especially section 948.06(l)(d), Florida Statutes (2009), there is no provision in either the statutes or the Florida Rules of Juvenile Procedure that allows for a tolling of the probationary time period. K.L.T., 65 So.3d at 102. That court also observed, possibly in response to an argument similar to the argument made by the State in this case, that section 949.01 specifically provides that nothing in chapters 947 through 949 (adult probation and parole statutes) can be construed to change or modify the law respecting parole or probation as administered by a circuit court exercising juvenile jurisdiction. K.L.T., 65 So.3d at 102. The Fifth District held that the trial court lacked jurisdiction to conduct a violation of probation hearing after KL.T.’s probation term had expired. Id. at 103.
In this case, T.L.H. was arrested for a delinquent act which, if proved, would have been a violation of his probation. The trial court and at least the State were under the impression that (1) the complaint filed by the deputy sheriff tolled the running of T.L.H.’s probationary period, (2) the complaint was the appropriate procedure to allow the trial court to consider the violation of probation, and (3) nothing else needed to be filed. We disagree.
Section 985.439(1)(b) provides that if the conditions of a child’s probation are violated, “the department or the state attorney may bring the child before the court on a petition alleging a violation of the program.” (Emphasis added).
Florida Rule of Juvenile Procedure 8.120, dealing with revocation of juvenile probation, provides that a proceeding alleging a violation of probation shall be initiated by the filing of a sworn affidavit executed by the child’s juvenile probation officer “or other person having the actual knowledge of the facts.” Fla. R. Juv. P. 8.120(a)(2). The complaint filed by the deputy sheriff certainly satisfies that provision.
The rule goes on to provide, however, that when — as in this case — revocation proceedings are sought by the State or the DJJ, those proceedings must be initiated by the “filing of a petition alleging viola *399 tion of juvenile probation” and that petition must incorporate the affidavit referred to earlier in the rule. Fla. R. Juv. P. 8.120(a)(3). (Emphasis added). All petitions must be “signed and filed by legal counsel.” Id. The complaint filed by the deputy sheriff does not satisfy those provisions.
The arrest of the child, the child’s detention, and the complaint filed by the deputy sheriff did not toll the child’s probationary period. The DJJ knew of the child’s arrest on the date of his detention, December 13, 2010. Both the DJJ and the State had over thirty days in which to file a petition, attach the complaint filed by the deputy sheriff, and have it served on the child (whose location was known), before the expiration of his probation. Neither took that action and, at the hearing on February 18, 2011, not only had T.L.H.’s probation expired but none of the statutory and rule requirements governing juvenile violation of probation proceedings had been met.
Disposition order reversed.
SILBERMAN, C.J., and KELLY, J., Concur.

. As reiterated in Hagan v. State, 853 So.2d 595, 597 (Fla. 5th DCA 2003):
Generally, an issue is moot when the "controversy has been so fully resolved that a judicial determination can have no actual effect.” Godwin v. State, 593 So.2d 211, 212 (Fla. 1992). Florida courts recognize at least three instances in which an otherwise moot case will not be dismissed: (1) when the questions raised are of great public importance!,] or (2) are likely to recur[,] or (3) if collateral legal consequences that affect the rights of a party flow from the issue to be determined. Id.