CRENSHAW, Judge.
R.H. appeals the trial court’s revocation of her probation and resulting disposition. Because we conclude that the trial court lacked jurisdiction to revoke R.H.’s probation and enter a new disposition, we reverse.
On July 21, 2010, the trial court placed R.H. on six months of probation after she pleaded guilty to possessing drug paraphernalia. On January 18, 2011, law enforcement filed a sworn affidavit alleging that R.H. had violated her probation by running away from home. However, neither the State nor the Department of Juvenile Justice (DJJ) filed a corresponding petition with the court pursuant to section 985.439(l)(b), Florida Statutes (2010), and Florida Rule of Juvenile Procedure 8.120(a)(3) alleging a violation of probation. Thus, by the time of R.H.’s probation hearing on February 7, 2011, R.H. argued that the trial court lost jurisdiction to consider the violation because she was no longer on probation due to the State’s or the DJJ’s failure to file the petition. The trial court disagreed, finding that the filing of the affidavit tolled the expiration of R.H.’s probation. R.H. ultimately admitted to the violation, and the trial court placed her on an additional three months of probation.[1]
*1167 This court recently held that “there is no provision in either the statutes or the rules governing juvenile delinquency proceedings that allows for [the] tolling of probation upon the filing of an affidavit and the issuance of a warrant.” T.L.H. v. State, 93 So.3d 396 (Fla. 2d DCA 2012) (citing K.L.T. v. State, 65 So.3d 102 (Fla. 5th DCA 2011)). Because section 985.439(l)(b) and rule 8.120(a)(3) both- require either the State or the DJJ to file a petition alleging a violation of juvenile probation before revocation proceedings can occur and because no petition was filed in this case, we conclude that R.H.’s probation expired prior to the revocation hearing. Therefore, we adopt this court’s reasoning in T.L.H. and hold that the trial court did not have jurisdiction to consider R.H.’s alleged violation of probation.
Reversed.
NORTHCUTT and MORRIS, JJ., Concur.

. During the pendency of this appeal, the State filed a pleading suggesting that R.H.’s *1167 appeal was moot because she had already served the duration of her probation. For reasons that we recently stated in T.L.H. v. State, 93 So.3d 396 (Fla. 2d DCA 2012), and M.L.J. v. State, 93 So.3d 348 (Fla. 2d DCA 2012), we conclude that R.H.’s appeal is not moot. This case concerns a procedural error that is subject to repetition. T.L.H., 93 So.3d at 397 (citing N.W. v. State, 767 So.2d 446, 447 n. 2 (2000)).