MORRIS, Judge.
X.G. appeals the revocation of his juvenile probation in circuit court case number 10-CJ-6275. Because the trial court revoked his probation based on the violation of a condition that was not imposed in case 10-CJ-6275, we reverse.
On November 18, 2010, the State filed a petition of delinquency in case 10-CJ-6275 alleging that X.G. committed the offenses of battery (domestic violence) and criminal mischief. On January 13, 2011, X.G. signed a plea agreement in which he agreed to plead no contest to the charge of criminal mischief in exchange for the State’s agreeing to nolle pros the charge of battery. The plea agreement specifically stated that no restitution would be ordered on the criminal mischief charge. A disposition order was entered on February 11, 2011, withholding adjudication of guilt and placing X.G. on twelve months’ probation. In accordance with the plea agreement, the disposition order did not list restitution as a condition of X.G.’s probation in case 10-CJ-6275.
*91 On July 26, 2011, the State filed an affidavit/petition for violation of probation, alleging that X.G. violated his probation by (1) committing new law violations, (2) failing to pay his restitution, (8) failing to participate in required counseling, and (4) failing to remain at his approved residence at the required hours. The affidavit/petition for violation was filed in two circuit court case numbers, 10-CJ-6275 and 10-CJ-5510. Case 10-CJ-5510 is not part of this appeal, but it is relevant to the proceedings below.
At the violation hearing held on August 26, 2011, the State advised the court that X.G.’s new law violations were being filed in adult court. During the evidentiary portion of the violation hearing, the State proceeded only on the alleged violations of failing to pay restitution and failing to participate in counseling. The trial court found that the State did not prove that X.G. failed to participate in counseling but that the State did prove that X.G. failed to pay his restitution when he had the ability to pay. The parties and the court agreed that the supervision had lapsed in case 10-CJ-5510, but the court proceeded to revoke X.G.’s probation in case 10-CJ-6275, adjudicating him delinquent and placing him on probation for another twelve months.
The defense informed the court that restitution was not ordered in case 10-CJ-6275 and that the court could not revoke probation on that basis in that case. The court then stated that it had already found X.G. in violation for failing to pay restitution that was ordered in case 10-CJ-5510 and that the restitution was “a condition of his overall supervision and sanctions for both cases.” Defense counsel again argued that X.G. “did not violate a condition of 6275.”
The circuit court subsequently entered an order revoking X.G.’s probation, setting forth the findings above. The order also specifically stated that “[t]he monthly restitution payments were imposed based on a stipulation of all parties and incorporated into the disposition order entered ... on February 11, 2011.”
On appeal, X.G. argues — as he did below — that the circuit court erred in revoking his probation in case 10-CJ-6275 because restitution was not ordered as a condition of his probation in that case. He is correct. Contrary to the circuit court’s finding in the order of revocation, restitution was not stipulated to by the parties in case 10-CJ-6275 or incorporated into the disposition order in that case. Restitution appears to have been ordered in case 10-CJ-5510, but it was not ordered in case 10-CJ-6275. In fact, the record is clear that restitution was intentionally excluded as a condition of X.G.’s probation in case 10-CJ-6275. And the law is clear that probation may not be revoked based on a condition that was not imposed. See Jones v. State, 876 So.2d 642, 644 (Fla. 1st DCA 2004) (“Revoking probation ... for violating conditions neither orally pronounced nor embodied in a written order violates a defendant’s due process rights under the Florida and United States Constitutions.” (citing Perez v. State, 805 So.2d 76, 79 (Fla. 4th DCA 2002)). Therefore, the trial court erred in revoking X.G.’s probation in case 10-CJ-6275 for failure to pay the restitution ordered in case 10-CJ-5510.[1]
*92 Accordingly, we reverse the revocation of X.G.’s probation and resulting adjudication of delinquency in case 10-CJ-6275.
Reversed and remanded.
NORTHCUTT J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.

. The circuit court specifically declined to revoke X.G.’s probation in case 10-CJ-5510, finding that the period of supervision had expired in that case. It appears that the circuit court's ruling on this issue was correct; X.G.’s probation was set to expire in that case on August 11, 2011, and even though the affidavit/petition was filed in July 2011, there is no tolling provision applicable to juvenile probation proceedings. See R.H. v. State, 93 So.3d 1166, 1167 (Fla. 2d DCA 2012); T.L.H. v. State, 93 So.3d 396, 398-99 *92 (Fla. 2d DCA 2012). Regardless, case 10-CJ-5510 is not part of this appeal.