NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,                          )
                                           )
      Appellant,                        )
                                           )
v.                                         )    Case No.  2D17-549
                                           )
T.A.K.,                                    )
                                           )
      Appellee.                         )
_____)

Opinion filed March 23, 2018.

Appeal from the Circuit Court for Pinellas
County; Patrice W. Moore, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Appellant.

Howard L. Dimmig, II, Public Defender,
and John C. Fisher, Assistant Public
Defender, Tampa, for Appellee.


LaROSE, Chief Judge.

The State appeals an order dismissing T.A.K.'s delinquency case due to

the expiration of an earlier imposed probatory term.  We have jurisdiction.  See Fla.

R. App. P. 9.145(c)(1)(A).  We affirm.

## Background Facts

T.A.K. pleaded guilty to the delinquent act of battery. The trial court withheld adjudication of delinquency and placed T.A.K. on six months' probation. The probationary term was to end on October 28, 2016. On September 15, 2016, the State filed an unsworn "Notice of violation of court order," stating that T.A.K. had failed to comply with his probationary requirements. The State wanted the trial court to hold T.A.K. in contempt for his "fail[ure] to comply with multiple sanctions required by his case manager." The notice specified no material facts underlying the State's request.

The trial court scheduled an evidentiary hearing for October 25, 2016. T.A.K. was present for that hearing before Judge Moore. However, the parties were unable to proceed because defense counsel represented that he might have a conflict of interest. Consequently, the trial court rescheduled the hearing to October 27, 2016. On October 26, the State filed an unsworn petition seeking to revoke T.A.K.'s probation.

T.A.K. did not appear at the October 27 hearing. The State stated that, if T.A.K. were present, it was prepared to proceed on the revocation of probation. Nevertheless, because of the approaching October 28 expiration of T.A.K.'s probationary term, the State asked the trial court to extend its jurisdiction beyond October 28. The trial court (Judge Coleman) agreed. Judge Coleman reasoned that T.A.K.'s probationary term had been tolled by the State's filing of the October 26 petition. He also concluded that tolling occurred because the revocation proceeding began at the October 27 hearing, prior to the termination date.

On January 27, 2017, T.A.K. filed a motion to dismiss the petition due to the expiration of jurisdiction. Following a February 2, 2017, hearing, the trial court

- 2 -

(Judge Moore) granted the motion, despite Judge Coleman's earlier ruling to extend jurisdiction.

## State's Argument

The State raises two arguments. First, the State contends that it properly filed the petition and that revocation proceedings were initiated before the October 28 expiration of probation. Thus, according to the State, the trial court retained jurisdiction. Second, the State argues that the trial court impermissibly considered T.A.K.'s motion to dismiss, as it was in actuality an untimely motion for rehearing. See Fla. R. Juv. P. 8.130(b)(1) (requiring a motion for rehearing "be made within 10 days of the entry of the order being challenged"). We reject the second argument without further comment. We reject the first argument, too; however, we write to explain why tolling did not apply. In doing so, we address the manner in which the State purported to initiate probation revocation proceedings against T.A.K.

## Analysis

There is no tolling provision applicable to juvenile probation violation proceedings. See T.L.H. v. State, 93 So. 3d 396, 398 (Fla. 2d DCA 2012) ("We agree with the decision of the Fifth District that there is no provision in either the statutes or the rules governing juvenile delinquency proceedings that allows for tolling of probation upon the filing of an affidavit and the issuance of a warrant." (citing K.L.T. v. State, 65 So. 3d 102 (Fla. 5th DCA 2011))); see also X.G. v. State, 106 So. 3d 90, 91 n.1 (Fla. 2d DCA 2013) ("X.G.'s probation was set to expire . . . on August 11, 2011, and even though the affidavit/petition was filed in July 2011, there is no tolling provision applicable to juvenile probation proceedings." (first citing R.H. v. State, 93 So. 3d 1166, 1167 (Fla.

- 3 -

2d DCA 2012); then citing T.L.H., 93 So. 3d at 398-99)).  Consequently, whether the probation violation proceedings were initiated prior to the expiration of T.A.K.'s probation is of no moment.  And, of course, we cannot rewrite the juvenile rules or statutes to suit the State.[1]  See Fla. Dep't of Revenue v. Fla. Mun. Power Agency, 789 So. 2d 320, 324 (Fla. 2001) ("Under fundamental principles of separation of powers, courts cannot judicially alter the wording of statutes where the Legislature clearly has not done so.").

We now address the process by which the State pursued T.A.K.'s alleged probation violations.  Upon a probation violation, "the [Department of Juvenile Justice] or the state attorney may bring the child before the court on a petition alleging a violation of the program."  § 985.439(1)(b), Fla. Stat. (2016).  We have not hesitated to reverse orders revoking a juvenile's probation absent a filed petition.  See R.H., 93 So. 3d at 1167 ("Because section 985.439(1)(b) and [Florida Rule of Juvenile Procedure] 8.120(a)(3) both require either the State or the DJJ to file a petition alleging a violation of juvenile probation before revocation proceedings can occur and because no petition was filed in this case, we conclude that R.H.'s probation expired prior to the revocation hearing."); T.L.H., 93 So. 3d at 398-99 (holding that, in the absence of a violation petition, the complaint filed by the arresting officer was insufficient to initiate revocation proceedings).  Here, the state attorney filed a petition.

However, that is not the end.  Rule 8.120(a)(2) provides in pertinent part as follows: "Any proceeding alleging a violation shall be initiated by the filing of a sworn

---

[1]Interestingly, in early January 2017, T.A.K.'s juvenile probation officer filed a written recommendation "to withdraw[] the contempt of court" because "jurisdiction was lost for the battery case."  Apparently, the State did not heed this advice.

- 4 -

affidavit of the material facts supporting the allegation(s).  The affidavit shall be executed by the child's juvenile probation officer or other person having actual knowledge of the facts."  See also T.L.H., 93 So. 3d at 398 ("Florida Rule of Juvenile Procedure 8.120, dealing with revocation of juvenile probation, provides that a proceeding alleging a violation of probation shall be initiated by the filing of a sworn affidavit executed by the child's juvenile probation officer 'or other person having the actual knowledge of the facts.' " (quoting Fla. R. Juv. P. 8.120(a)(2))); M.T. v. State, 805 So. 2d 898, 899 (Fla. 2d DCA 2001) ("With regard to juveniles, any proceeding alleging a violation of probation shall be initiated by the filing of a sworn affidavit of the material facts supporting the allegations." (citing Fla. R. Juv. P. 8.120(a)(2))).  Rule 8.120 also specifies that "[w]hen revocation proceedings are sought by the state attorney . . . the proceedings shall be initiated by the filing of a petition alleging violation of juvenile probation.  The petition shall incorporate and reference the affidavit described in subdivision (a)(2)."  Fla. R. Juv. P. 8.120(a)(3) (emphasis added).

The State's petition neither incorporated nor referenced the required affidavit.  And for good reason.  Our record reflects that no such affidavit was ever filed.  Accordingly, the State's effort to initiate revocation proceedings against T.A.K. never really started, despite its seeming knowledge for more than a month that T.A.K. was allegedly in violation of probation.  Cf. T.L.H. 93 So. 3d at 399 ("Both the DJJ and the State had over thirty days in which to file a petition, attach the complaint filed by the deputy sheriff, and have it served on the child (whose location was known), before the expiration of his probation.  Neither took that action and . . . none of the statutory and rule requirements governing juvenile violation of probation proceedings had been met.").

T.A.K.'s case is analogous to D.T.M. v. State, 46 So. 3d 623 (Fla. 5th DCA 2010). In D.T.M., the Fifth District granted the juvenile's habeas petition and ordered that the juvenile be released from commitment and reinstated to probation.[2] Id. at 624. The court reasoned that "[t]he plain language of rule 8.120 requires a sworn affidavit"; and because none had been filed, the trial court improperly found that he was in violation of his probation. Id. at 623-24.

Similar to D.T.M., we see no affidavit in our record. We are faced with an unsworn notice and an unsworn petition. As noted earlier, the affidavit must be executed by either "the child's juvenile probation officer or other person having actual knowledge of the facts." Fla. R. Juv. P. 8.120(a)(2). That did not happen.

Further, the State's contention that its initiation of the probation revocation proceedings on October 27 tolled expiration of T.A.K.'s probation bears closer scrutiny. The State insists that tolling occurred because it had "filed a violation of probation petition on October 26th and was ready to proceed on the petition at the revocation hearing scheduled for October 27th."

Be that as it may, as noted earlier, there is no tolling applicable here. Moreover, we emphasize that the State failed to file an accompanying affidavit. "Among the minimal requirements of due process in a revocation proceeding is written notice of the alleged violation." M.T., 805 So. 2d at 899 (citing Burton v. State, 651 So. 2d 793 (Fla. 1st DCA 1995)). In M.T., this court reversed the order revoking the juvenile's

---

[2]The D.T.M. court stated that "[t]his order is without prejudice to the initiation of a proper revocation hearing." Id. at 624. The juvenile's probation had not yet expired at the time the D.T.M. opinion issued. In contrast, T.A.K.'s probation termination date expired prior to entry of the order now on appeal.

probation, concluding that in the absence of a properly filed affidavit under rule 8.120(a)(2), "the appellant did not receive proper notice of the claimed violation that was to serve as the basis for the revocation of his community control, he was not afforded due process." Id. (citing State v. Spratling, 336 So. 2d 361 (Fla. 1976)). Similarly, due to the State's failure to file an affidavit, T.A.K. lacked adequate notice of the claimed violations. We will not, in this case, sacrifice due process for the sake of equitable tolling in favor of the State. Cf. Major League Baseball v. Morsani, 790 So. 2d 1071, 1076 n.11 (Fla. 2001) ("Equitable tolling, which involves no misconduct on the part of the defendant, may delay the running of the limitations period based on the plaintiff's blameless ignorance and the lack of prejudice to the defendant." (citing Machules v. Dep't of Admin., 523 So. 2d 1132 (Fla. 1988))).

## Conclusion

Because the State failed to follow the mandated process through which T.A.K. could be brought before the trial court to answer for the alleged probation violations, T.A.K.'s probationary term expired on October 28. Therefore, the trial court properly dismissed the State's petition for violation of probation.

Affirmed.


KHOUZAM and CRENSHAW, JJ., Concur.